# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Caitlin Demers,<br><br>   Plaintiff,<br>v.<br><br>Nova Casualty Company, Gruber Wood, Inc., Ronald Wilson Crawford, and State Farm Mutual Automobile Insurance Company,<br><br>   Defendants. | Case No.: 2:18-cv-1205-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff Caitlin Demers' Motion to Remand (Dkt. No. 16) and Defendant Nova Casualty Company's Partial Motion to Dismiss (Dkt. No. 28). For the reasons set forth below, the Court dismisses this action without prejudice and all other motions are denied as moot.

## I.   Background

This action arises out of an automobile accident on December 21, 2010, (the "2010 accident") between a tractor-trailer operated by Defendant Ronald Wilson Crawford and a vehicle operated by Catherine Demers. (Dkt. No. 4 at 6.) Plaintiff Caitlin Demers was a passenger in Catherine Demers' car at the time of the 2010 accident. Defendant Crawford's trailer was insured by Aequicap Insurance Company, which has since become insolvent. (Dkt. No. 1-1 at ¶ 11.) At the time of the 2010 accident, Defendant Crawford was allegedly hired by Defendant Gruber Wood, Inc. to haul a trailer with logs in it. (Dkt. Nos. 1-1 at ¶ 13; 4 at 6.) Defendant Gruber Wood, Inc. is insured by Defendant Nova Casualty Company ("Defendant Nova"). (Dkt. No. 1-1 at ¶ 14.) Defendant State Farm Mutual Automobile Insurance Company provides liability and underinsured motorist coverage for Catherine Demers. (Dkt. No. 1-1 at ¶ 15.)

Two lawsuits are currently pending in state court regarding the 2010 accident.[1] Importantly, the only defendants who appear in the Underlying Lawsuits are Defendant Crawford and Catherine Demers. (*See* Dkt. Nos. 1-2; 1-3; 4 at 6.) The Plaintiff did not assert any claims against Defendant Nova or Defendant Gruber Wood, Inc. in the Underlying Lawsuits. Plaintiff, however, did make a demand for Defendant Nova to provide coverage for the 2010 accident. (Dkt. No. 1-1 at ¶ 16.) Defendant Nova denied coverage. (Dkt. No. 1-1 at ¶ 17.)

Plaintiff seeks a declaration pursuant to the South Carolina Uniform Declaratory Judgment Act, S.C. Code § 15-30-10 *et seq.*, that Defendant Nova is required to provide coverage for the tractor-trailer operated by Defendant Crawford at the time of the 2010 accident. (Dkt. Nos. 1-1 at 6; 4 at 10.) The case was removed to this Court on May 2, 2018. (Dkt. No. 1.) There are two pending motions before the Court. First, Plaintiff moves to remand the case to state court. (Dkt. No. 16.) Second, Defendant Nova moves to dismiss a cross-claim and to strike a counter-claim from Defendant Gruber Wood, Inc. (Dkt. No. 28.)

## II. **Legal Standard**

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations

---

[1] The first was brought against Defendant Crawford and Catherine Demers on behalf of Plaintiff and two other passengers in Catherine Demer's vehicle, *Jackson v. Crawford*, Case No. 2017-CP-15-00551, and the second was brought against Defendant Crawford by Catherine Demers herself, *Demers v. Crawford*, 2017-CP-15-00526 ("Underlying Lawsuits"). (Dkt. Nos. 1-2; 1-3; 4 at 6.)

omitted). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *In re Blackwater Sec. Consulting*, LLC, 460 F.3d 576, 583 (4th Cir. 2006).

### III. Discussion

As a threshold matter, under Article III of the United States Constitution, federal courts may not grant declaratory relief unless an "actual controversy" exists. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941). In an action for a declaratory judgment, the facts alleged must present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273. This limitation is implemented, in part, by the judicially created standing-to-sue doctrine. The standing-to-sue doctrine focuses on "[w]hether a party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club. v. Morton*, 405 U.S. 727, 731 (1972). The well-settled rule for standing requires that a litigant must demonstrate an "(1) injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is likely to be redressed by a favorable decision." *Retail Indus. Leaders Assoc, v. Fielder*, 475 F.3d 180, 186 n. 1 (4th Cir. 2007) *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the injury-in-fact element of this test, a plaintiff must have "suffered ... an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *White Tail Park v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) *quoting Lujan*, 504 U.S. at 560-61.

Here, Plaintiff is asking the Court to issue a declaratory judgment based on an insurance policy to which the Plaintiff is not a party. (Dkt. No. 4-1.) Instead, the only parties to the insurance policy are Defendant Nova and Defendant Gruber Wood, Inc. (*Id.*) Plaintiff's non-party status

does not automatically preclude her from having standing to bring this claim, but she nonetheless must demonstrate that an actual controversy exists. Courts in this district recognize that non-parties can demonstrate an actual controversy to support a claim regarding coverage where an insurance company first joined the third party in a case, there is already a judgment against the insured party, or the non-party claims to be an insured party. *See Johnson v. Shree Radhe Corp.*, No. 5:17-CV-01414-JMC, 2018 WL 1409973, at *3 (D.S.C. Mar. 21, 2018). *See also Miller v. Augusta Mut. Ins. Co.*, 157 F. App'x 632, 637 (4th Cir. 2005) (holding that injured party could pursue declaratory judgment action against at-fault party's insurance carrier because when she "commenced this action, the district court in her wrongful death case had already entered against [the insured] a default judgment on liability."); *Maryland Casualty Co.*, 312 U.S. at 274 (holding actual controversy existed between insurance company and injured third-party where insurance company first brought the declaratory judgment action against insured and injured third-party).

Plaintiff here has not been joined to an already existing declaratory judgment action, there is no judgment against any of the insured parties, and she does not claim to be an insured party under the insurance policy at issue. *Johnson*, 2018 WL 1409973 at *3 (holding that individual who was allegedly injured by insured parties did not have standing to bring declaratory judgment action against insurance companies). Instead, Plaintiff is an individual who was allegedly injured in the 2010 accident, and seeks a declaration that an insurance company should consider Defendant Crawford an insured party. Therefore, for the purposes of this declaratory judgment, there is no controversy between Plaintiff and the Defendants.

Furthermore, Plaintiff cannot demonstrate an injury in in fact. *See Kenny v. Wilson*, No. 17-1367, 2018 WL 1321983, at *4 (4th Cir. 2018) ("The injury-in-fact requirement ensures that plaintiffs have a "personal stake in the outcome of the controversy") *quoting Warth v. Seldin*, 422

U.S. 490, 498 (1975). Plaintiff is not a party to the insurance policy and has no claims under its provisions. Unlike in cases where some judgment has already been rendered in favor of an injured party, such as in *Miller*, it is entirely hypothetical regarding whether Plaintiff will ultimately be entitled to any damages from Defendant Crawford or Defendant Gruber Wood, Inc. Therefore, there is no injury in fact regarding the declaratory judgment action and any injury at this point is hypothetical.

The Plaintiff therefore does not have standing at this time and the case is not ripe for review. If Plaintiff contends the vehicle was "own[ed], hire[d] or borrow[ed]" by Defendant Gruber Wood, Inc., then Plaintiff should pursue those claims in state court. Further, if defendants in the Underlying Lawsuits assert that the insurance policy provides coverage, they similarly can file a separate action. Nonetheless, the Plaintiff here, a non-party to the insurance policy who has secured no judgment and does not claim to be an insured party, does not have standing to bring this declaratory action at this time. Therefore, the Court dismisses this action without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **DISMISSES THIS ACTION WITHOUT PREJUDICE** and all other motions are **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

October 10, 2018
Charleston, South Carolina